FILED

J N NOV 2 2007
NOV X 2 2007
MICHAEL W. DOBBINS

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| DAVIDA GREEN WILLIAMS, | ) | 07CV6216 |
| | ) | JUDGE HIBBLER |
| Plaintiff, | ) | MAG. JUDGE ASHMAN |
| | ) | |
| v. | ) | |
| | ) | Cook County Case No.: |
| ERIC LACOCO, APRIL PADALIK, and | ) | 07 L 10464 |
| OFFICER KIRK, and VILLAGE OF | ) | |
| WESTCHESTER, an Illinois municipality, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL OF PLAINTIFF'S COMPLAINT

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION:

Defendants, VILLAGE OF WESTCHESTER, ERIC LACOCO, APRIL PADALIK and RANDALL KIRK, by and through their attorneys, Elisha S. Rosenblum and Joshua S. Abern of O'Halloran, Kosoff, Geitner & Cook, LLC, and pursuant to 28 U.S.C. §1441, in support of their Notice of Removal, state as follows:

1.    On October 4, 2007, Plaintiff, Davida Green Williams, filed suit against the above-named Defendants in the Circuit Court of Cook County, Illinois.  (A copy of Plaintiff's Complaint at Law is attached hereto and incorporated herein as Exhibit "A".) On or about October 16, 2007, Defendants were served with the Complaint.

2.    The above-described action is a civil action in which this Court has original jurisdiction under the provisions of 28 USC §1331 and is one which may be removed to this Court by the Defendant pursuant to the provisions of 28 USC §1441, in that Plaintiff filed suit against Defendants for, *inter alia*, a violation of their civil rights pursuant to 42 U.S.C. §1983.

3.      Plaintiff's Complaint against Defendants also includes state law claims for which this Court should assume pendant jurisdiction pursuant to 28 USC §1441(c) and/or 28 USC §1367.

4.      As required by 28 USC §1446(d), notice of removal will be served upon all parties of record and will be filed with the Circuit Court of Cook County, Illinois.

5.      Defendants agree and consent to removal of this action from the Circuit Court of Cook County, Illinois to the United States District Court of the Northern District, Eastern Division.

6.      The United States District Court for the Northern District of Illinois, Eastern Division, is the District Court for the district embracing Cook County, Illinois. 28 USC §93(c).

7.      Pursuant to the requirements of 28 USC §1446(a), the pleadings filed in the Cook County action have been filed herewith.

WHEREFORE, Defendants, VILLAGE OF WESTCHESTER, ERIC LACOCO, APRIL PADALIK and RANDALL KIRK, hereby give notice of removal of this action to the United States District Court for the Northern District of Illinois, Eastern Division.

> Defendants, VILLAGE OF
> WESTCHESTER. ERIC LACOCO,
> APRIL PADALIK, RANDALL KIRK
>
> By:      s/Elisha S. Rosenblum
>          Elisha S. Rosenblum, #6225957
>          O'Halloran, Kosoff, Geitner & Cook, LLC
>          650 Dundee Road, Suite 475
>          Northbrook, Illinois  60062
>          Telephone: (847) 291-0200

91242

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - LAW DIVISION

DAVIDA GREEN WILLIAMS,     )
    )
    **Plaintiffs**     )
    )
    v.     )      Case No. _____
    )
ERIC LACOCO, APRIL PADALIK, and )    **JURY DEMAND**
OFFICER KIRK, and VILLAGE OF     )
WESTCHESTER, an Illinois     )
municipality,     )
    )
    **Defendants.**     )

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, FOR MALICIOUS PROSECUTION AND OTHER RELIEF

Now Comes the Plaintiff, Davida Green Williams, by her attorney Dan Walker Jr. of the

law firm of Cesario & Walker and for her Complaint for Violation of Civil Rights and other

relief states as follows:

## COUNT I
### (for violation of the Civil Rights Act)

1.    At all times herein, Plaintiff, Davida Green Williams (hereafter Williams), was a

resident of and a citizen of the Untied States of America, Bolingbrook, Will County, Illinois. At

all times she was the owner and operator of a 2000 Lexus SUV. At all times herein, she was a

real estate agent for Realty Associates of Bolingbrook, IL.

2.    At all times herein the Defendant, Eric Lococo, was a police officer with the

Village of Westchester, Illinois. As a police officer, his title was that of patrol officer.

Exhibit A

3. At all times herein the Defendant, April Padalik, was a police officer with the Village of Westchester, Illinois. As a police officer, Defendant Padalik had the rank of Sergeant. As such she was the supervisor of Defendant Lococo and Defendant Officer Kirk.

4. At all times herein the Defendant Kirk was a police officer with the Village of Westchester, Illinois. As a police officer his title was that of patrol officer.

5. At all times herein there was in force and effect a statute known as the Civil Rights Act of 1871 42 USC 1983.

6. At all times herein the Defendants and each of them as police officers employed by the Village of Westchester were acting under color of state law.

7. At all times herein the Defendants and each of them owed a duty to the Plaintiff not to violate her civil rights as guaranteed by Amendments 4, 5, 6, 8 and 14 of the US Constitution.

8. On October 9, 2005, Plaintiff while operating her 2000 Lexus motor vehicle on Mannheim Road, Westchester, Illinois, was stopped by Defendant Lacoco for speeding. At the time, the Plaintiff was unable to produce a valid driver's license. The Defendant Lacoco was unable to determine if she had a valid drivers license as his in car computer was down. Defendant Lacoco then requested that the Plaintiff Williams follow him to the Westchester police station for the purpose of posting bond.

9. At all times herein it was the custom and practice of the Village of Westchester Police Department not to place persons who were stopped for traffic violations or who did not

have a verifiable current driver's license under custodial arrest. It was also the custom and practice of the Westchester police to not fingerprint or photograph such a person.

10. Upon arrival at the Westchester police station, Plaintiff Williams told Defendant Lacoco that she had a driver's license but had lost it and she then gave him sufficient information to determine that she had a valid driver's license. The Defendant Lacoco refused to do so and requested that she sit in the police station lobby where she did for approximately 45 minutes to one hour without explanation.

11. After waiting in the lobby the Defendants Lacoco, Padalik and Kirk came into the lobby, and without explanation told Plaintiff to put her telephone down, and put her hands behind her back. All of the Defendants then grabbed and forcefully restrained the Plaintiff, handcuffed her, pulled her arms up into the air over her head, pushed her through a door, slung, pushed and threw her into the wall, grabbed her neck, smashed her face into the wall, hit her, put a knee into her back, continued to yank and pull her arms over her head forcing her to bend over and walk in this position, and otherwise physically abused her. At no time did the Plaintiff resist or otherwise strike back at the Defendants.

12. After the above use of excessive force by the Defendants and each of them, the Defendants placed Plaintiff in a jail cell where she was kept for the next 4 to 5 hours.

13. During the time that she was illegally incarcerated the Defendants and each of them would come into the jail cell area and taunt her by falsely telling her that she would be in

jail until the following Tuesday, that her car was going to be towed, and that there was a warrant out for her arrest. They Defendants also falsely told her that she had resisted arrest, that she would be arrested for resisting arrest and then fingerprinted and photographed.

14. After being illegally detained for over 5 hours, the Plaintiff was released on $100 bond and given two traffic citations for speeding and no valid driver's license, and was charged with but received no complaint at the police station for Resisting Arrest.

15. In January 2007, after a jury trial Plaintiff was found not guilty of resisting arrest. Prior to trial, both of the traffic citations were subsequently dismissed and never reinstated.

16. The Defendants and each of them violated Plaintiff's civil rights as guaranteed by the US Constitution in one or more of the following ways:

    a.    used excessive force when arresting and holding the Plaintiff in custody;

    b.    imprisoned the Plaintiff without probable cause;

    c.    imprisoned the Plaintiff for an excessive period of time; or

    d.    arrested the Plaintiff for resisting arrest without probable cause.

17. As a proximate result of one or more of the foregoing violations of Plaintiff's civil rights as guaranteed by the US Constitution, Plaintiff suffered personal injury, including injury to her neck and back for which she sought medical care and treatment, including doctor's visits and rehabilitation therapy. In addition, Plaintiff suffered fear, humiliation, embarrassment, and other similar damages such that she sought counseling for the incident.

WHEREFORE, Plaintiff, Davida Green Williams, prays that this court enter judgment in her favor and against the Defendants Eric Lacoco, April Padalik, and Officer Kirk in a sum of $100,000 or such other sum as determined by the trier of fact plus attorney fees and court costs and such other relief as is just.

## COUNT II
(for malicious prosecution)

1-4.    Plaintiff realleges and incorporates herein by reference paragraphs 1-4 of Count I as paragraphs 1-4 of Count II as if more fully set forth herein.

5.    On October 9, 2005, Plaintiff while operating her 2000 Lexus motor vehicle on Mannheim Road, Westchester, Illinois, was stopped by Defendant Lacoco for speeding. At the time, the Plaintiff was unable to produce a valid driver's license. The Defendant Lacoco was unable to determine if she had a valid drivers license as his in car computer was down. Defendant Lacoco then requested that the Defendant Williams follow her to the Westchester police station for the purpose of posting bond. At this time she was under civil arrest.

6.    At all times herein it was the custom and practice of the Village of Westchester Police Department not to place persons who were stopped for traffic violations or who did not have a verifiable current driver's license under custodial arrest. It was also the custom and practice of the Westchester police to not fingerprint or photograph such a person.

7.  Upon arrival at the Westchester police station, Plaintiff Williams told the Defendant Lacoco that she had a driver's license but had lost it and she then gave him sufficient information to determine that she had a valid driver's license. The Defendant Lacoco refused to do so and requested that she sit in the police station lobby where she did for approximately 45 minutes to one hour without explanation.

8.  After waiting in the lobby the Defendants Lacoco, Padalik and Kirk came into the lobby, and without explanation told Plaintiff to put her telephone down, and put her hands behind her back. All of the Defendants then grabbed and forcefully restrained the Plaintiff, handcuffed her, pulled her arms up into the air over her head, pushed her through a door, slung, pushed and threw her into the wall, grabbed her neck, smashed her face into the wall, hit her, put a knee into her back, continued to yank and pull her arms over her head forcing her to bend over and walk in this position, and otherwise physically abused her. At no time did the Plaintiff resist arrest, or otherwise strike back at the Defendants.

9.  At all times the Defendants and each of them did not have probable cause to custodial arrest or detain the Plaintiff and had no probable cause to charge Plaintiff with and arrest Plaintiff for resisting arrest.

10.  The Defendants and each of them acted with malice in that the Defendants and each of them falsely charged Plaintiff with resisting arrest in an attempt to cover-up their physical abuse of Plaintiff.

11.     As a proximate result of the Defendants wrongful conduct Plaintiff was arrested and detained without probable cause; suffered embarrassment, humiliation, and harassment while incarcerated; and had to post bond in order to be released from prison. She then incurred medical expenses and treatment as a result of the misconduct of the Defendants.

**WHEREFORE**, Plaintiff, Davida Green Williams, prays that this court enter judgment in her favor and against the Defendants Eric Lacoco, April Padalik, and Officer Kirk in a sum of $100,000 or such other sum as determined by the trier of fact plus attorney fees and court costs and such other relief as is just.

## COUNT III
(for malicious prosecution—*respondent superior*)

1-4.     Plaintiff realleges and incorporates herein by reference paragraphs 1-4 of Count I as paragraphs 1-4 of Count III as if more fully set forth herein.

5.     The Defendant Village of Westchester was at all times an Illinois municipality. It was at all times the employer of the individual Defendants Eric Lacoco, April Padalik, and Officer Kirk.

6.     On October 9, 2005, Plaintiff while operating her 2000 Lexus motor vehicle on Mannheim Road, Westchester, Illinois, was stopped by Defendant Lacoco for speeding. At the time, the Plaintiff was unable to produce a valid driver's license. The Defendant Lacoco was unable to determine if she had a valid drivers license as his in car computer was down. Defendant Lacoco then requested that the Defendant Williams follow her

to the Westchester police station for the purpose of posting bond. At this time she was under civil arrest.

7.    At all times it was the custom and practice of the Village of Westchester Police Department not to place persons who were stopped for traffic violations or who did not have a verifiable current driver's license under custodial arrest. It was also the custom and practice of the Westchester police to not fingerprint or photograph such a person.

8.    Upon arrival at the Westchester police station, Plaintiff Williams told the Defendant Lacoco that she had a driver's license but had lost it and she then gave him sufficient information to determine that she had a valid driver's license. The Defendant Lacoco refused to do so and requested that she sit in the police station lobby where she did for approximately 45 minutes to one hour without explanation.

9.    After waiting in the lobby the Defendants Lacoco, Padalik and Kirk came into the lobby, and without explanation told Plaintiff to put her telephone down, and put her hands behind her back. All of the Defendants then grabbed and forcefully restrained the Plaintiff, handcuffed her, pulled her arms up into the air over her head, pushed her through a door, slung, pushed and threw her into the wall, grabbed her neck, smashed her face into the wall, hit her, put a knee into her back, continued to yank and pull her arms over her head forcing her to bend over and walk in this position, and otherwise physically abused her. At no time did the Plaintiff resist arrest, or otherwise strike back at the Defendants.

10.    At all times the Defendants and each of them, did not have probable cause to custodial arrest or detain the Plaintiff and had no probable cause to charge Plaintiff with and arrest Plaintiff for resisting arrest.

11.     The Defendants and each of them acted with malice in that the Defendants and each of them falsely charged Plaintiff with resisting arrest in an attempt to cover-up their physical abuse of Plaintiff.

12.     As a proximate result of the Defendants wrongful conduct Plaintiff was arrested and detained without probable cause; suffered embarrassment, humiliation, and harassment while incarcerated; and had to post bond in order to be released from prison. She then incurred medical expenses and treatment as a result of the misconduct of the Defendants.

13.     At all times the Defendants, Eric Lacoco, April Padalik, and Officer Kirk were employees of the Defendant Village of Westchester, and at all times the Defendants and each of them were acting within the scope of their employment and had by virtue of their employment the power of arrest and detention. As such, the Defendant Village of Westchester is responsible for the actions of the individual Defendants in maliciously prosecuting the Plaintiff for resisting arrest.

WHEREFORE, Plaintiff, Davida Green Williams, prays that this court enter judgment in her favor and against the Defendant Village of Westchester in a sum of $100,000 or such other sum as determined by the trier of fact plus attorney fees and court costs and such other relief as is just.

RESPECTFULLY SUBMITTED,
CESARIO & WALKER

_____
Dan Walker, Jr.

Dan Walker, Jr.
CESARIO & WALKER
211 W. Chicago Avenue, #118
Hinsdale, Illinois 60521
(630) 920-8800
Attorney No. 91242

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

DAVIDA GREEN WILLIAMS,

      Plaintiff,

v.

ERIC LACOCO, APRIL PADALIK, and
OFFICER KIRK, and VILLAGE OF
WESTCHESTER, an Illinois municipality,

      Defendants.

07CV6216
JUDGE HIBBLER
MAG. JUDGE ASHMAN

)   Cook County Case No.:
)   07 L 10464
)
)
)
)

**FILED**

J N  NOV X 2 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## NOTICE OF FILING

TO:   Mr. Dan Walker, Jr.
      Cesario & Walker
      211 W. Chicago Avenue
      Suite 118
      Hinsdale, IL  60521

YOU ARE HEREBY NOTIFIED that on the 29th day of October, 2007, was caused to be

filed with the Clerk of the United States District Court, Northern District of Illinois, Eastern

Division, *Defendants, Village of Westchester, Eric Lacoco, April Padalik and Randall Kirk's*

*Notice of Removal* and *Appearance*, a copy of which is attached hereto and now hereby served

upon you.

                    Defendants, VILLAGE OF WESTCHESTER,
                    ERIC LACOCO, APRIL PADALIK and OFFICER
                    KIRK

By:                    _____
                        One of their attorneys

Elisha S. Rosenblum, #6225957
O'Halloran, Kosoff, Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, Illinois  60062
Telephone: (847) 291-0200

STATE OF ILLINOIS          )
                           )     SS
COUNTY OF COOK             )

## CERTIFICATE OF SERVICE

The undersigned states that I served the foregoing Defendants' Notice of Removal, as well as the Notice of Filing upon the following party(ies):

Mr. Dan Walker, Jr.
Cesario & Walker
211 W. Chicago Avenue
Suite 118
Hinsdale, IL 60521

by placing true and correct copies of the same in an envelope addressed as set forth above, with postage prepaid and affixed thereon, and by placing said envelope in the U.S. mail receptacle at 650 E. Dundee Road, Northbrook, Illinois, at or before the hour of 5:00 p.m. on this 29th day of October 2007.