**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAVIDA GREEN WILLIAMS, ) | | |
| Plaintiff, ) | | 07 CV 6216 |
| v. ) | | |
| ) | | Judge William J. Hibbler |
| ERIC LACOCO, APRIL PADALIK, ) | | |
| OFFICER KIRK, and VILLAGE OF ) | | Magistrate Judge Martin C. Ashman |
| WESTCHESTER, ) | | |
| Defendants. ) | | |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S COMPLAINT

NOW COME Defendants, ERIC LACOCO, APRIL PADALIK, RANDALL KIRK (incorrectly sued as "Officer Kirk") and VILLAGE OF WESTCHESTER ("Defendants"), by and through their attorneys, O'Halloran, Kosoff, Geitner & Cook, LLC, and for their answer to Plaintiff's Complaint, states as follows:

### COUNT I
### (Violation of Civil Rights Act)

1. At all times herein, Plaintiff, Davida Green Williams (hereinafter Williams), was a resident of and a citizen of the Untied [sic] States of America, Bolingbrook, Will County, Illinois. At all times she was the owner and operator of a 2000 Lexus SUV. At all times herein, she was a real estate agent for Realty Associates of Bolingbrook, IL.

**ANSWER:** Defendants lack sufficient knowledge as to the allegations contained in Paragraph 1 of Count I of the Plaintiff's Complaint and, therefore, deny the allegations contained in Paragraph 1.

2. At all times herein the Defendant, Eric Lococo, was a police officer with the Village of Westchester, Illinois. As a police officer, his title was that of patrol officer.

**ANSWER:** Defendants admit the allegations contained in Paragraph 2 of Count I of Plaintiff's Complaint.

3. At all times herein the Defendant, April Padalik, was a police officer with the Village of Westchester, Illinois. As a police officer, Defendant Padalik had the rank of Sergeant.

As such she was the supervisor of Defendant Lococo and Defendant Officer Kirk.

**ANSWER:** **Defendants admit the allegations contained in Paragraph 3 of Count I of Plaintiff's Complaint.**

4. At all times herein the Defendant Kirk was a police officer with the Village of Westchester, Illinois. As a police officer his title was that of patrol officer.

**ANSWER:** **Defendants admit the allegations contained in Paragraph 4 of Count I of Plaintiff's Complaint.**

5. At all times herein there was in force and effect a status known as the Civil Rights Act of 1871, 42 USC 1983.

**ANSWER:** **Defendants admit the allegations contained in Paragraph 5 of Count I of Plaintiff's Complaint.**

6. At all times herein the Defendants and each of them as police officers employed by the Village of Westchester were acting under color of state law.

**ANSWER:** **Defendants admit the allegations contained in Paragraph 6 of Count I of Plaintiff's Complaint.**

7. At all times herein the Defendants and each of them owed a duty to the Plaintiff not to violate her civil rights as guaranteed by the Amendments 4, 5, 6, 8, and 14 of the U.S. Constitution.

**ANSWER:** **Defendants state that Paragraph 7 of Count I states a legal conclusion for which no answer is required. To the extent this Paragraph contains any factual allegations, Defendants deny same.**

8. On October 9, 2005, Plaintiff while operating her 2000 Lexus motor vehicle on Mannheim Road, Westchester, Illinois, was stopped by Defendant Lacoco for speeding. At the time, the Plaintiff was unable to produce a valid driver's license. The Defendant Lacoco was unable to determinate if she had a valid driver's license as his in car computer was down. Defendant Lacoco then requested that the Plaintiff Williams follow him to the Westchester police station for the purpose of posting bond.

**ANSWER:** **Defendants admit the allegations contained in Paragraph 8 of Count I of Plaintiff's Complaint.**

9. At all times herein it was the custom and practice of the Village of Westchester Police Department not to place persons who were stopped for traffic violations or who did not have a verifiable current driver's license under custodial arrest. It was also the custom and

practice of the Westchester police to not fingerprint or photograph such a person.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 9 of Count I of Plaintiff's Complaint.**

10. Upon arrival at the Westchester police station, Plaintiff Williams told Defendant Lacoco that she had a driver's license but had lost it and she then gave him sufficient information to determine that she had a valid driver's license. The Defendant Lacoco refused to do so and request that she sit in the police station lobby where she did for approximately 45 minutes to one hour without explanation.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 10 of Count I of Plaintiff's Complaint.**

11. After waiting in the lobby the Defendants Lacocco, Padalik and Kirk came into the lobby, and without explanation told the Plaintiff to put her telephone down, and put her hands behind her back. All of the Defendants then grabbed and forcefully restrained the Plaintiff, handcuffed here, pulled her arms up into the air over her head, pushed her through a door, slung, pushed and threw here into the wall, grabbed her neck, smashed her face into the wall, hit her, put a knee in her back, continued to yank and pull her arms over her head forcing her to bend over and walk in this position, and otherwise physically abused her. At not time did the Plaintiff resist or otherwise strike back at the Defendants.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 11 of Count I of Plaintiff's Complaint.**

12. After the above use of excessive force by the Defendants and each of them, the Defendants placed Plaintiff in a jail cell where she was kept for the next 4 to 5 hours.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 12 of Count I of Plaintiff's Complaint.**

13. During the time that she was illegally incarcerated the Defendants and each of them would come into the jail cell area and taunt her by falsely telling her that she would be in jail until the following Tuesday, that her car was going to be towed, and that there was a warrant out for her arrest. The Defendants also falsely told her that she would be arrested for resisting arrest and then fingerprinted and photographed.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 13 of Count I of Plaintiff's Complaint.**

14. After being illegally detained for over 5 hours, the Plaintiff was released on $100 bond and given two traffic citations for speeding and no valid driver's license, and was charged with but received no complaint at the police station for Resisting Arrest.

**ANSWER:** **Defendants admit that Plaintiff was released on $100 bond and given two**

>**traffic citations for speeding and for not having a valid driver's license. Defendants further admit that Plaintiff was charged with resisting arrest, but did not receive a complaint for same at the police station. Defendants deny the remaining allegations contained in Paragraph 14 of Count I of Plaintiff's Complaint.**

15. In January 2007, after a jury trial Plaintiff was found not guilty of resisting arrest. Prior to trial, both of the traffic citations were subsequently dismissed and never reinstated.

**ANSWER:** **Defendants admit the allegations contained in Paragraph 15 of Count I of Plaintiff's Complaint.**

16. The Defendants and each of them violated Plaintiff's civil rights as guaranteed by the U.S. Constitution in one or more of the following ways;

   a. used excessive force when arresting and holding the Plaintiff in custody;
   b. imprisoned the plaintiff without probable cause;
   c. imprisoned the plaintiff for an excessive period of time; or
   d. arrested the plaintiff for resisting arrest without probable cause.

**ANSWER:** **Defendants deny each and every allegation (a-d) contained in Paragraph 16 of Count I of Plaintiff's Complaint.**

17. As a proximate result of one or more of the foregoing violations of Plaintiff's civil rights as guaranteed by the US Constitution, Plaintiff suffered personal injury, including injury to her neck and back for which she sought medical care and treatment, including doctor's visits and rehabilitation therapy. In addition, Plaintiff suffered fear humiliation, embarrassment, and other similar damages such that she sought counseling for the incident.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 17 of Count I of Plaintiff's Complaint.**

WHEREFORE, Defendants, ERIC LACOCO, APRIL PADALIK, RANDALL KIRK, and VILLAGE OF WESTCHESTER, pray that this Court enter judgment in their favor and against Plaintiff, DAVIDA GREEN WILLIAMS, together with the costs of this suit and any further or other relief as this Court deems just and appropriate.

## COUNT II
### (Malicious Prosecution)

1-4. Plaintiff realleges and incorporates herein by reference paragraph 1-4 of Count I

as paragraph 1-4 of Count II as if more fully set forth herein.

**ANSWER:** **Defendants restate and reallege their answers to Paragraphs 1 through 4 of Count I as their answers to Paragraphs 1 through 4 of Count II as if fully set forth herein.**

5. On October 9, 2005, Plaintiff while operating her 2000 Lexus motor vehicle on Mannheim Road, Westchester, Illinois, was stopped by Defendant Lacoco for speeding. At the time, the Plaintiff was unable to produce a valid driver's license. The Defendant Lacoco was unable to determine if she had a valid driver's license as his in car computer was down. Defendant Lacoco then requested that Williams follow him to the Westchester police station for the purpose of posting bond. At this time she was under civil arrest.

**ANSWER:** **Defendants admit the allegations contained in Paragraph 5 of Count II Plaintiff's Complaint, but deny that Plaintiff was under arrest at this time.**

6. At all times herein it was the custom and practice of the Village of Westchester Police Department not to place persons who were stopped for traffic violations or who did not have a verifiable current driver's license under custodial arrest. It was also the custom and practice of the Westchester police to not fingerprint or photograph such a person.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 6 of Count II of Plaintiff's Complaint.**

7. Upon arrival at the Westchester police station, Plaintiff Williams told the Defendant Lacoco that she had a driver's license but had lost it and she then gave him sufficient information to determine that she had a valid driver's license. The Defendant Lacoco refused to do so and requested that she sit in the police station lobby where she did for approximately 45 minutes to one hour without explanation.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 7 of Count II of Plaintiff's Complaint.**

8. After waiting in the lobby the Defendants Lacocco, Padalik and Kirk came into the lobby, and without explanation told the Plaintiff to put her telephone down, and put her hands behind her back. All of the Defendants then grabbed and forcefully restrained the Plaintiff, handcuffed here, pulled her arms up into the air over her head, pushed her through a door, slung, pushed and threw here into the wall, grabbed her neck, smashed her face into the wall, hit her, put a knee in her back, continued to yank and pull her arms over her head forcing her to bend over and walk in this position, and otherwise physically abused her. At not time did the Plaintiff resist or otherwise strike back at the Defendants.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 8 of Count II of Plaintiff's Complaint.**

9. At all times the Defendants and each of them did not have probable cause to custodial arrest or detain the Plaintiff and had no probable cause to charge Plaintiff with and arrest Plaintiff for resisting arrest.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 9 of Count II of Plaintiff's Complaint.**

10. The Defendants and each of them acted with malice in that the Defendants and each of them falsely charged Plaintiff with resisting arrest in an attempt to cover-up their physical abuse of Plaintiff.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 10 of Count II of Plaintiff's Complaint.**

11. As a proximate result of the Defendants wrongful conduct Plaintiff was arrested and detained without probable cause; suffered embarrassment, humiliation, and harassment while incarcerated; and had to post bond in order to be release from prison. She then incurred medical expenses and treatment as a result of the misconduct of the Defendants.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 11 of Count II of Plaintiff's Complaint.**

WHEREFORE, Defendants, ERIC LACOCO, APRIL PADALIK, RANDALL KIRK, and VILLAGE OF WESTCHESTER, prays that this Court enter judgment in their favor and against Plaintiff, DAVIDA GREEN WILLIAMS, together with the costs of this suit and any further or other relief as this Court deems just and appropriate.

### COUNT III
### (Malicious Prosecution – *respondent superior*)

1-4. Plaintiff realleges and incorporates herein by reference paragraph 1-4 of Count I as paragraph 1-4 of Count III as if more fully set forth herein.

**ANSWER:** **Defendants restate and reallege their answers to Paragraphs 1 through 4 of Count I as their answers to Paragraphs 1 through 4 of Count III as though fully stated herein.**

5. The Defendant Village of Westchester was at all times an Illinois municipality. It was at all times the employer of the individual Defendants, Eric Lacoco, April Padalik, and Officer Kirk.

**ANSWER:** **Defendants admit the allegations contained in Paragraph 5 of Count III**

**Plaintiff's Complaint.**

6.      On October 9, 2005, Plaintiff while operating her 2000 Lexus motor vehicle on Mannheim Road, Westchester, Illinois, was stopped by Defendant Lacoco for speeding. At that time, the Plaintiff was unable to produce a valid driver's license. The Defendant Lacoco was unable to determinate if she had a valid driver's license as his in car computer was down. Defendant Lacoco then requested that the Defendant Williams follow her to the Westchester police station for the purpose of posting bond. At this time she was under civil arrest.

**ANSWER:     Defendants admit the allegations contained in Paragraph 6 of Count III Plaintiff's Complaint, but deny that Plaintiff was under arrest at this time.**

7.      At all times herein it was the custom and practice of the Village of Westchester Police Department not to place persons who were stopped for traffic violations or who did not have a verifiable current driver's license under custodial arrest. It was also the custom and practice of the Westchester police to not fingerprint or photograph such a person.

**ANSWER:     Defendants deny the allegations contained in Paragraph 7 of Count III of Plaintiff's Complaint.**

8.      Upon arrival at the Westchester police station, Plaintiff Williams told the Defendant Lacoco that she had a driver's license but had lost it and she then gave him sufficient information to determine that she had a valid driver's license. The Defendant Lacoco refused to do so and requested that she sit in the police station lobby where she did for approximately 45 minutes to one hour without explanation.

**ANSWER:     Defendants deny the allegations contained in Paragraph 8 of Count III of Plaintiff's Complaint.**

9.      After waiting in the lobby the Defendants Lacocco, Padalik and Kirk came into the lobby, and without explanation told the Plaintiff to put her telephone down, and put her hands behind her back. All of the Defendants then grabbed and forcefully restrained the Plaintiff, handcuffed here, pulled her arms up into the air over her head, pushed her through a door, slung, pushed and threw here into the wall, grabbed her neck, smashed her face into the wall, hit her, put a knee in her back, continued to yank and pull her arms over her head forcing her to bend over and walk in this position, and otherwise physically abused her. At no time did the Plaintiff resist arrest, or otherwise strike back at the Defendants.

**ANSWER:     Defendants deny the allegations contained in Paragraph 9 of Count III of Plaintiff's Complaint.**

10.     At all times the Defendants and each of them, did not have probable cause to custodial arrest or detain the Plaintiff and had no probable cause to charge Plaintiff with and

arrest Plaintiff for resisting arrest.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 10 of Count III of Plaintiff's Complaint.**

11.     The Defendants and each of them acted with malice in that the Defendants and each of them falsely charged Plaintiff with resisting arrest in an attempt to cover-up their physical abuse of Plaintiff.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 11 of Count III of Plaintiff's Complaint.**

12.     As a proximate result of the Defendants wrongful conduct Plaintiff was arrested and detained without probable cause; suffered embarrassment, humiliation, and harassment while incarcerated; and had to post bond in order to be release from prison. She then incurred medical expenses and treatment as a result of the misconduct of the Defendants.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 12 of Count III of Plaintiff's Complaint.**

13.     At all times the Defendants, Eric Lacoco, April Padalik, and Officer Kirk were employees of the Defendant Village of Westchester, and at all times the Defendants and each of them were acting within the scope of their employment and had by virtue of their employment the power of arrest and detention. As such, the Defendant Village of Westchester is responsible for the actions of the individual Defendants in maliciously prosecuting the Plaintiff for resisting arrest.

**ANSWER:** **Defendants deny the allegations contained in Paragraph 13 of Count III of Plaintiff's Complaint.**

WHEREFORE, Defendants, ERIC LACOCO, APRIL PADALIK, RANDALL KIRK, and VILLAGE OF WESTCHESTER, prays that this Court enter judgment in their favor and against Plaintiff, DAVIDA GREEN WILLIAMS, together with the costs of this suit and any further or other relief as this Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

Defendants, in addition to the denials and defenses set forth hereinabove this pleading, assert the additional affirmative defenses to Plaintiff's claims as follows:

1.     The individual Defendants are entitled to qualified immunity.

2. The alleged conduct of the Defendants does not rise to the level of a constitutional violation.

3. Plaintiff's state law claim is barred by 745 ILCS 10/2-202.

4. The officers had probable cause to arrest Plaintiff.

5. The use of force utilized by Defendants was reasonable and necessary given Plaintiff's failure to comply with orders prior to and at the time of her lawful arrest, pursuant to 720 ILCS 5/7-5.

6. Plaintiff's state law claim is barred by 745 ILCS 10/2-109.

7. Defendants used only the amount of force necessary and reasonable to effectuate a lawful arrest of the plaintiff at the time of plaintiff's arrest and in light of the circumstances surrounding the arrest.

Defendants, ERIC LACOCO, APRIL PADALIK RANDALL KIRK, VILLAGE OF WESTCHESTER

BY:  s/Elisha S. Rosenblum
One of their attorneys

Elisha S. Rosenblum (ARDC No. 6225957)
Joshua S. Abern (ARDC No. 6285598)
O'Halloran, Kosoff, Geitner & Cook, LLC
650 Dundee Road, Fourth Floor
Northbrook, IL  60062
(847) 291-0200